| | |
|---|---|
| UNITED STATES DISTRICT COURT | WESTERN DISTRICT OF TEXAS SAN ANTONIO DIVISION |

| | | |
|---|---|---|
| CHARLES EDGE, Individually and On Behalf of All Others Similarly Situated, | § § § § § § § § § § § | |
| *Plaintiff(s)*, | | |
| v. | | No.  5:21-cv-00003 |
| TLW ENERGY SERVICES, LLC and TROY WATKINS, | | |
| *Defendant(s)*. | | |

## PLAINTIFF CHARLES EDGE'S ORIGINAL COMPLAINT

Plaintiff Charles Edge (referred to as "Edge") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendant TLW Energy Services, LLC (referred to as "TLW") and Defendant Troy Watkins (referred to as "Watkins") who were paid on a day-rate basis without overtime during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### I. Nature of Suit

1.  Edge's claims arise under the FLSA.

2.  The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3. To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4. TLW and Watkins violated the FLSA by employing Edge and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5. TLW and Watkins willfully violated the FLSA because they knew or showed a reckless disregard for whether their pay practices were unlawful.

6. Edge brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of TLW and Watkins who were paid on a day-rate basis without overtime during the past three years.

## II. Jurisdiction & Venue

7. This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8. Venue is proper in this district and division because a substantial part of the events or omissions giving rise to Edge's claim occurred in this district and division. 28 U.S.C. § 1391(b)(2).

## III. Parties

9. Edge is an individual who resides in Nueces County, Texas and who was employed by TLW and Watkins during the last three years.

10.     TLW is a Texas limited liability company that may be served with process by serving its registered agent:

> United States Corporation Agents, Inc.
> 9900 Spectrum Drive
> Austin, Texas 78717

Alternatively, if the registered agent of TLW cannot with reasonable diligence be found at the company's registered office, TLW may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

11.     Watkins is an individual who resides in Henderson County, Texas and who may be served with process at:

> 3801 State Highway 31 East
> Athens, Texas 75752

or wherever he may be found. Alternatively, Watkins may be served with process by serving an agent or clerk employed in his office or place of business because this action grows out of or is connected with the business he transacts in this state. *See*, Tex. Civ. Prac. & Rem. Code § 17.021.

12.     An allegation that TLW committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of TLW or was done in the

normal course and scope of employment of TLW's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

13. TLW is an oilfield services company.

14. TLW does business in the territorial jurisdiction of this Court.

15. TLW employed Edge from March 2019 through the present.

16. TLW employed Edge as a flowback helper for three months then as a flowback operator.

17. Watkins was also Edge's employer—and individually liable to him for the FLSA violations described below—because he: (1) had the authority to hire and fire TLW employees, including Edge; (2) supervised or controlled TLW employee schedules or conditions of employment, including Edge's schedule and/or conditions of employment; (3) determined the rate or method of payment for TLW employees, including Edge; and/or (4) maintained TLW employee records, including Edge's records.

18. As a flowback helper and flowback operator, Edge was responsible for operating and monitoring flowback equipment.

19. During Edge's employment with TLW, he was engaged in commerce or in the productions of goods for commerce.

20. During Edge's employment with TLW, the company had employees engaged in commerce or in the production of goods for commerce.

- 5 -

21. During Edge's employment with TLW, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

22. During Edge's employment with TLW, the company had an annual gross volume of sales made or business done of at least $500,000.

23. TLW paid Edge on day-rate basis.

24. TLW paid Edge on a bi-weekly basis by direct deposit.

25. During Edge's employment with TLW, he regularly worked in excess of forty hours per week.

26. TLW knew or should have known that Edge worked in excess of forty hours per week.

27. TLW did not pay Edge for the hours he worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

28. Instead, TLW paid Edge on a day-rate basis without overtime.

29. Edge was not exempt from the maximum hour requirements of the FLSA.

30. As a flowback helper and operator, Edge's primary duties were nonexempt.

31. As a flowback helper and operator, Edge's primary duties did not include office or nonmanual work.

32. As a flowback helper and operator, Edge's primary duties were not directly related to the management or general business operations of TLW or its customers.

33. As a flowback helper and operator, Edge's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

34. As a flowback helper and operator, Edge did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

35. As a flowback helper and operator, Edge was, instead, required to follow TLW's policies, practices and procedures.

36. As a flowback helper and operator, Edge did not have any independent authority to deviate from TLW's policies, practices and procedures.

37. TLW knew or should have known that Edge was not exempt from the maximum hour requirements of the FLSA.

38. TLW willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

39. During Edge's employment with TLW, the company did not maintain accurate time and pay records for Edge as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

40. During Edge's employment with TLW, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

41. TLW continued the pay practice(s) complained of by Edge without investigation after being put on notice that the pay practice(s) violated the FLSA.

42. TLW has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

43. Prior to this lawsuit, TLW conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Edge.

44. Because TLW willfully violated the FLSA, the company is liable to Edge for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

45. As a result of the FLSA violation(s) described above, TLW is liable to Edge for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

46. All employees who were paid a day-rate and were employed by TLW during the last three years are similarly situated to Edge because they (1) have similar job duties; (2) regularly worked or work in excess of forty hours per week; (3) were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) are entitled to recover back wages, liquidated damages and attorney's fees and costs from TLW and Watkins under 29 U.S.C. § 216(b).

## V. Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207

47. Edge adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

48. During Edge's employment with TLW, he was a nonexempt employee.

49. As a nonexempt employee, TLW was legally obligated to pay Edge "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

50. TLW did not pay Edge "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

51. Instead, TLW paid Edge on a day-rate basis without overtime.

52. If TLW classified Edge as exempt from the maximum hour requirements of the FLSA, he was misclassified.

53. As a result of the FLSA violation(s) described above, TLW and Watkins are liable to Edge for back wages equal to the difference between what the company should have paid and what it actually paid.

## VI. Count Two—
### Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

54. Edge adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

55. TLW willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

56. TLW failed to maintain accurate time and pay records and failed to post an FLSA notice.

57. Because TLW willfully violated the FLSA, the company and Watkins are liable to Edge for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VII. Count Three—
### Collective Action Allegations Under 29 U.S.C. § 216(b)

58. Edge adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

59. On information and belief, other employees of TLW have been victimized by the FLSA violation(s) described above.

60. These employees are similarly situated to Edge because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

61. TLW's unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

62. Since Edge's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

63. For these reasons, Edge requests that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All helpers and operators who were employed by TLW during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks and who were paid on a day-rate basis without overtime.

64. TLW and Watkins are liable to Edge and the putative class members for back wages equal to the difference between what the company should have paid and what it actually paid.

65. Edge has retained counsel who are well-versed FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Count Four—
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

66. Edge adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

67. Edge is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

68. Edge is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

69. Edge has retained the professional services of the undersigned attorneys.

70. Edge has complied with the conditions precedent to recovering attorney's fees and costs.

71. Edge has incurred or may incur attorney's fees and costs in bringing this lawsuit.

72. The attorney's fees and costs incurred or that may be incurred by Edge were or are reasonable and necessary.

73. TLW and Watkins are liable to Edge and the putative class members for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## IX. Relief Sought

74. Edge demands the following relief:

    a. an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

    b. an incentive award for Edge for serving as class representative if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

    c. judgment against TLW and Watkins in Edge's favor both individually and on behalf of the putative class members for back wages, liquidated damages and attorney's fees, plus interest and costs; and

    d. all other relief and sums that may be adjudged against TLW and Watkins in Edge's favor both individually and on behalf of the putative class members.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739


By: _____
Melissa Moore
State Bar No. 24013189
melissa@mooreandassociates.net
Curt Hesse
State Bar No. 24065414
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**


Of Counsel:

Renu Tandale
State Bar No. 24107417
renu@mooreandassociates.net